UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| KELLY KJELSTROM,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN MEDICAL RESPONSE WEST, a California Corporation, and DOES 1 through 30, inclusive,<br><br>Defendants. | Case No. 1:22-CV-00513-JLT-BAM<br><br>Hon. Barbara A. McAuliffe<br><br>**~~PROPOSED~~ ORDER GRANTING JOINT STIPULATION REGARDING MENTAL EXAMINATION OF PLAINTIFF KELLY KJELSTROM** |

The Court, having read and considered the Joint Stipulation Regarding Mental Examination of Plaintiff Kelly Kjelstrom ("Stipulation"), and for good cause, rules as follows:

1. Plaintiff will submit to Defendant's Psychological Examination to be conducted by Dr. Dennis Greenberger, PhD on December 30, 2024, beginning at 10:30 a.m. PT, to be held remotely via Zoom to evaluate the nature and extent of Plaintiff's claims of mental and emotional distress, as set forth in the operative complaint, deposition testimony, and verified discovery responses.

1

~~PROPOSED~~ ORDER re GRANTING JOINT STIPULATION REGARDING MENTAL EXAMINATION

2. Dr. Greenberger will conduct a psychological examination of Plaintiff to assist Defendant and its counsel in understanding the origin, nature, and severity of Plaintiff's alleged mental health injuries, and in turn, prognosis and future treatment needs, if applicable. The psychological examination will consist of a detailed interview portion and psychological testing, as explained more fully below.

3. Plaintiff shall not be required to fill out any patient information form of any type whatsoever, including "new patient" forms, insurance forms, identification forms, authorization for records, arbitration forms, waivers, and releases, and shall not be asked to do so by Dr. Greenberger or his staff. Plaintiff will only be asked to complete questionnaires within the scope of the detailed clinical interview and psychological testing that would be required to properly administer the standard validated psychological testing. Dr. Greenberger's office will not take photographs, fingerprints, or other identification information from Plaintiff, including driver's license, Social Security number and home address. Plaintiff will not be required to disclose his resident telephone number or mobile telephone number.

4. In accordance with Dr. Greenberger's reasonable and customary practice, and assuming reasonable cooperation by Plaintiff, the psychological examination will span approximately four (4) hours, excluding breaks and lunch, as needed. It should be understood that the quoted time is an estimation because the speed with which Plaintiff is able to convey the information needed and the speed with which Plaintiff takes the tests are primarily under Plaintiff's control. To the extent additional time is required, the parties will meet and confer before proceeding with additional time exceeding four (4) hours.

5. The detailed interview portion of the psychological examination will assess Plaintiff's (a) history of present condition, including but not limited to, current medical and psychological symptoms and treatment, (b) prior medical and psychological symptoms and treatment, and (c) a developmental, social, and medical history. There will not be inquiry into the conduct, events, or circumstances alleged

to have produced or contributed to the Plaintiff's claims against Defendant, other than is necessary for the purpose of diagnosis and evaluation of Plaintiff's injuries, symptoms, and conditions.

6. Plaintiff will not be questioned concerning his conversations with any of his current counsel or any person retained or consulted by his counsel for purposes of this litigation.

7. Plaintiff will not be questioned regarding his consensual sexual history or sexual activity.

8. Plaintiff shall be entitled to take reasonable breaks during the examination process, including, but not limited to, taking a lunch break, rest breaks and bathroom breaks. If at any time during the examination, Plaintiff feels in reasonable good faith that the proceeding has become abusive, he will immediately notify his counsel or other designated representative in order to try to resolve the matter at that time. Plaintiff has the right to terminate the examination and seek a protective order from the Court.

9. The psychological testing portion of the psychological examination will include appropriate, generally accepted standardized examinations, that will be determined on the day of the examination following the detailed interview portion. As time permits, the psychological testing may include, but is not limited to, the Minnesota Multiphasic Personality Inventory (MMPI, examinations -2, -2RF, and/or -3), Personality Assessment Inventory (PAI), Mini-Mental State Examination (MMSE), the Trauma Symptom Inventory-2 (TSI-2), and the Detailed Assessment of Post-Traumatic Stress (DAPS). The parties and their counsel agree that the data and all testing results will be used solely for the purposes of this lawsuit.

10. The parties and their counsel will agree on a specific set of tests that would be administered to Plaintiff prior to the date of Plaintiff's psychological examination.

11. Dr. Greenberger shall audio record the psychological examination, and

3
PROPOSED ORDER re GRANTING JOINT STIPULATION REGARDING MENTAL EXAMINATION

shall provide a copy of the audio recording to counsel for Plaintiff and Defendant at the time of Dr. Greenberger's written reporting. Other than a certified interpreter, no one else may be present in the room during the psychological examination. Plaintiff may also audio record the psychological examination, which will be provided to counsel for Plaintiff and Defendant upon reasonable request.

12. Plaintiff's counsel represents and agrees that there will be no coaching or interference with the remote examination process and integrity, including:

    a. no third-parties, including Plaintiff's counsel, in the room while the examination is in process; and

    b. no third-parties, including Plaintiff's counsel, will be listening to the examination from an adjacent room or through remote, real-time audio transmission.

13. To ensure Plaintiff's privacy and to comply with the proprietary nature of the psychological testing, Dr. Greenberger will provide the raw data for the psychological testing to Plaintiff's corresponding psychological expert, only. Plaintiff's counsel is responsible for identifying a psychological expert, in writing, if the exchange of raw data is to occur in advance of expert designations. The parties understand and agree that neither party's counsel is entitled to the raw data from the psychological testing portion of the examination.

14. Plaintiff's counsel and Plaintiff will take reasonable steps to ensure that Plaintiff has the proper technology in place to participate in the psychological examination by Zoom, including a reliable internet connection.

15. The psychological examination report will be produced to Plaintiff's counsel at the earliest of: within one business day of receipt of same by Defendant's counsel; or concurrently with Defendant's expert disclosures.

16. A copy of this Stipulation shall be given to Dr. Greenberger prior to the psychological examination.

17. The parties intend for this examination to move forward on the date

4

PROPOSED ORDER re GRANTING JOINT STIPULATION REGARDING MENTAL EXAMINATION

1 mutually agreed to by the parties in the Stipulation. If Plaintiff cancels this appointment, Plaintiff must provide advanced notice (a minimum of 3-business days advanced notice). Plaintiff will be responsible for Dr. Greenberger's late cancellation fee if he fails to cancel more than three (3) business days prior to the appointment date. Should Plaintiff fail to appear for the examination as scheduled, Plaintiff will be responsible for Dr. Greenberger's No-Show appointment fee. If Plaintiff fails to comply, sanctions will be sought in an amount necessary to pay any charges of Dr. Greenberger and for reasonable attorneys' fees and costs that may be required to enforce compliance.

18.  Defendant shall make Dr. Greenberger available for deposition on a date, time, and place mutually agreeable to the parties, in expert discovery and prior to the trial in this matter.

IT IS SO ORDERED.

Dated: **December 19, 2024**         /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE